**QIN DI CHEN, Lan Zhen Dong, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–5344–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Lorance Hockert, New York, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Peter E. Papps, Assistant United States Attorney, Concord, NH, for Respondent.

Present RALPH K. WINTER, BARRINGTON D. PARKER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Qin Di Chen and Lan Zhen Dong, through counsel, petition for review of the BIA's decision affirming Immigration Judge ("IJ") Gabriel Videla's denial of their applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, Chen argues that the agency should not have relied upon the 1995 testimony. Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal, 8 U.S.C. § 1252(d)(1), and re-quires exhaustion of bases for relief and issues, although not subsidiary legal arguments. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Because Chen failed to argue before the BIA the issue of the agency's reliance on the 1995 testimony, this Court does not have jurisdiction to address it. *Id.*

The IJ found that the petitioners' 1995 testimony that their house was destroyed and that they were fined 10,000 RMB was inconsistent with their 2003 testimony that their house was not destroyed and that they were not fined. We agree with the BIA's conclusion that petitioners' testimony that they lied under the instruction of a travel agent or law firm was insufficient to rehabilitate their credibility. Nothing in their testimony indicated that they were unwilling participants in their perjury at the time of the 1995 hearing, and the IJ did not need to credit or rely on their explanation that they were told to perjure themselves as a means of resolving the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Where the testimony is so dramatically different as to whether or not basic instances of harm occurred, such as a substantial fine and the demolition of a house, this inconsistency may alone constitute substantial evidence, sufficient to support the adverse credibility determination. *Id.*

For this reason, we can confidently predict that the IJ would reach the same decision absent any errors that were made. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006). Therefore, the petition for review of the asylum claim is denied. Because the petitioners failed to argue their claims for withholding of deportation and CAT relief before the BIA, they have failed to exhaust their administrative remedies and this Court does not have jurisdiction to address those claims. *See Gill*, 420 F.3d at 86.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).